**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUIS A. MIELES,**

      **Plaintiff,**

**-vs-**                                                    **Case No. 6:13-cv-91-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

**MEMORANDUM OPINION & ORDER**

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **REVERSED and REMANDED.**

## I.     BACKGROUND

### A.    Procedural History

Plaintiff filed for a period of disability and Disability Insurance Benefits on March 23, 2010. R. 88-89. He alleged an onset of disability on July 4, 2009, due to sciatica, arthritis in the lower back, and pinched nerve in the back with steady pain and radiating pain down the left leg/calf and the right leg. R. 30-33, 43. His application was denied initially and upon reconsideration. R. 45-48, 51-54.

Plaintiff requested a hearing, which was held on September 7, 2011, before Administrative Law Judge Chester G. Senf (hereinafter referred to as "ALJ"). R. 27-42. In a decision dated September 15, 2011, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 11-26. Plaintiff timely filed a Request for Review of the ALJ's decision, which the Appeals Council denied on November 14, 2012. R. 1-6. Plaintiff filed this action for judicial review on January 17, 2013. Doc. 1.

### B.   Medical History and Findings Summary

At the time of the hearing, Plaintiff was fifty-two years old, and he had completed the twelfth grade. R. 30. Prior to the alleged onset date, Plaintiff was employed as an engineer performing maintenance work at a hotel; a carpenter; and self-employed carpenter performing remodeling work; all of these jobs required Plaintiff to be on his feet throughout the day and lift more than seventy-five pounds. R. 122-24. Plaintiff alleged an onset date of disability of July 4, 2009 (R. 88) when he was injured at work at the hotel while pushing a dumpster, and hurt his leg; the case started as a workers' compensation case, but he did not make a workers compensation claim. R. 31. Plaintiff reported in SSA forms that he stopped working on July 4, 2009 "because of his condition(s) and other reasons" and that he was laid off due to the fact that he could not meet his job requirements and "lack of funds." R. 112. Plaintiff received unemployment compensation in 2009 through 2011. R. 93-97.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of low back pain running down the right leg, arthritis in the lower back and hip, hypertension, and tachycardia episodes. R. 111, 119, 150. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from the "severe" medically determinable impairments of low-back pain and tachycardia, but these impairments were not enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 16. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to

perform light work, except to occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl; no climbing ladders, ropes, or scaffolds; and to avoid concentrated exposure to such hazards as heights and moving machinery. R. 16. Based upon Plaintiff's RFC, the ALJ determined that he could not perform past relevant work. R. 20. The ALJ determined that if Plaintiff had the residual functional capacity to perform the full range of light work, considering his age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.13, and the additional limitations have little or no effect on the occupational base of unskilled light work; therefore, the ALJ found Plaintiff "not disabled"under the framework of this Rule. R. 21. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 21-22.

Plaintiff now asserts three points of error. First, he argues the ALJ erred by finding he had the RFC to perform light work without adequately weighing and considering all of the medical evidence supporting his limitations. Second, he asserts that the ALJ erred by failing to provide a function-by-function analysis of the claimant's residual functional capacity as required by Social Security Ruling 96-8p. Third, he argues that the ALJ erred by relying upon the Medical-Vocational Rules, rather than obtaining vocational expert (VE) testimony. For the reasons that follow, the decision of the Commissioner is **REVERSED and REMANDED**.

## II.     STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

## III.   ISSUES AND ANALYSIS

### A. Residual Functional Capacity

Plaintiff claims that the ALJ should not have found him able to perform light work, given the medical evidence supporting Plaintiff's limitations. Doc. 20. The Commissioner argues the ALJ's RFC finding was based on substantial evidence based on the record as a whole. Doc. 21.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis*, 125 F.3d at 1440; *Edwards*, 937 F.2d at 583; 20 C.F.R. §§ 404.1527(d), 416.927(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

The ALJ found Plaintiff had the residual functional capacity to perform light work except he was limited to occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl; and no climbing ladders, ropes, or scaffolds; he must also avoid concentrated exposure to such hazards as heights and moving machinery. R.16. The ALJ also found that Plaintiff was not capable of performing his past relevant work. R. 20.

Plaintiff argues that the ALJ did not adequately weigh and consider all of the objective evidence supporting the Plaintiff's limitations. Specifically, Plaintiff argues that the ALJ failed to

adequately consider that Plaintiff had an MRI of the lumbar spine on July 9, 2009 revealing a right L5-S1 facet joint arthropathy with small joint effusion and posterior disc bulging at the same level, which Dr. Munson noted indicated, aside from some mild disc dehydration at multiple levels, "a hypertrophic facet joint at L5-S1 with a joint fusion" and degenerative lumbar disc disease. R. 183. Although Dr. Munson did not believe Plaintiff had "any nerve root compressive pathology," he did "feel that he has a facet arthropathy and it is on the right and it may well be producing these symptoms"; he opined that Plaintiff should undergo a right L5-S1 facet block and possible rhizotomy[1]. R. 183. Plaintiff argues that the ALJ failed to consider this evidence and comment on it as required by *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011), which requires the ALJ to state with particularity the weight given to, in this case, the opinion of the treating orthopedist Dr. Munson and the reasons the ALJ did not credit it[2].

The Commissioner concedes that the ALJ did not set forth the weight he gave to Dr. Munson's opinion, although, the Commissioner argues, the ALJ did discuss Dr. Munson's treatment notes (R. 17), including Dr. Munson's observations regarding the imaging studies and his diagnosis, even though Dr. Munson examined Plaintiff only twice and did not suggest any restrictions on Plaintiff's activity, and Plaintiff discontinued his appointments with Dr. Munson after the doctor had a conference with Plaintiff's attorney. R. 179-82. The Commissioner argues that, under the particular facts of *Winschel*, the Eleventh Circuit held the ALJ should have assessed the treatment notes as a medical opinion under agency regulations, however, the *Winschel* decision does not require an ALJ to treat *all* physicians' treatment notes as medical opinions. Doc. 21 at 15 (citing *Dyer v. Barnhart,*

---

[1] Facet rhizotomy applies radio frequency to the spinal nerve roots for the relief of pain or spastic paralysis. STEDMANS MEDICAL DICTIONARY (28th ed. 2006). The facet joints are small joints located in pairs on the back of the spine that allow the spine to move and be flexible.

[2] Plaintiff's argument in this vein concerning the doctor's treatment notes appears to be accidentally truncated. Doc. 20 at 10.

395 F.3d 1206, 1211 (11th Cir. 2005)[3] ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is "not enough to enable [a court] to conclude that [the ALJ] considered her medical condition as a whole.")). The Commissioner argues that the ALJ devoted an entire paragraph of his discussion to the three pages of treatment notes Dr. Munson provided, thus, "it is clear the ALJ adequately considered Dr. Munson's evidence." R. 17.

The Commissioner misapprehends the Eleventh Circuit's opinion in *Winschel,* particularly since the ALJ did *not* discuss at all Dr. Munson's opinion that "a facet arthropathy . . . on the right . . . may well be producing these symptoms" in Plaintiff's right lower back and leg.  R. 183.  The ALJ's opinion here is similarly deficient as in *Winschel*:

> In this case, the ALJ referenced Winschel's treating physician only once, and that reference merely noted that Winschel saw the doctor monthly. The ALJ did not mention the treating physician's medical opinion, let alone give it "considerable weight." Likewise, the ALJ did not discuss pertinent elements of the examining physician's medical opinion, and the ALJ's conclusions suggest that those elements were not considered. It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence. Accordingly, we reverse. On remand, the ALJ must explicitly consider and explain the weight accorded to the medical opinion evidence.

*Winschel*, 631 F.3d at 1179.  Here, the ALJ mentioned *some* but not all of Dr. Munson's notes in the general description of Plaintiff's treatment history (at R. 17), however, the ALJ did not discuss this relevant opinion in the general description.

Compounding the error, the ALJ did not state the weight given to Dr. Munson's statement even though the ALJ described Dr. Munson as the "treating orthopedist." R. 17.  Instead, the ALJ gave considerable weight to the "opinion of the State Agency medical consultant who evaluated this

---

[3]*Dyer* predates the Eleventh Circuit's opinion in *Winschel.*

issue at the reconsideration level," but the ALJ failed to comment at all on the weight given to Dr. Munson's opinion.

As an orthopedic specialist, Dr. Munson's opinion is entitled to controlling weight as long as it is supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "Generally, treating physicians' opinions are given more weight than non-treating physicians; and the opinions of specialists are given more weight on issues within the area of expertise than those of nonspecialists." *Baker v. Astrue*, 2011 WL 899311, *7 (M.D. Fla. Mar. 14, 2011) (citing *McNamee v. Soc. Sec. Admin.*, 162 F. Appx. 919, 923 (11th Cir. Jan. 31, 2006) (unpublished); 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5) (the following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "Length of the treatment relationship and the frequency of examination"; (2) the "Nature and extent of treatment relationship"; (3) "Supportability"; (4) "Consistency" with other medical evidence in the record; and (5) "Specialization").

The ALJ's failure to cite the relevant opinion of Dr. Munson, and the failure to state the weight given to Dr. Munson's opinion was error, and as such, the ALJ's opinion was not based on substantial evidence.

**B. Other issues**

On remand, the ALJ will also make clear the number of hours that *the ALJ finds* that Plaintiff could sit, stand or walk, and the amount of weight he finds that Plaintiff could lift. *See* Social Security Ruling 96-8p (requiring that "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis … Only after that may the RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy and very heavy."). The Commissioner's argument that the ALJ properly relied

-8-

on the opinion of the state agency medical consultant[4] who, in turn, specified the number of hours Plaintiff could sit, stand, and walk in his RFC assessment form (R. 266-73), is not well-taken; the ALJ must make *his* findings clear.

On remand, the ALJ will also use a VE if the ALJ finds that Plaintiff has non-exertional limitations, including pain[5], which erode the occupational base or else discuss the applicable Social Security Rulings which justify not calling a VE.  Generally, once the ALJ finds that a claimant cannot return to his prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *Foote*, 67 F.3d at 1558.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Rules or "grids."  *Foote*, 67 F.3d at 1558.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); *Foote*, 67 F.3d at 1559; *Heckler v. Campbell*, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).  Exclusive reliance is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills."  *Walter v. Bowen*, 826 F.2d 996, 1002-3 (11th Cir. 1987).  In almost all of such cases, the Commissioner's burden can be met only through the use

---

[4]One was a "single decision maker" and not a doctor.  R. 192-99.

[5]The Eleventh Circuit has established a three part pain standard to be applied when a claimant alleges limitations from pain. For pain to be disabling, there must be (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

of a VE. *Foote*, 67 F.3d at 1559. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a VE to establish whether the claimant can perform work which exists in the national economy. In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations. *Foote*, 67 F.3d at 1559.

Here, the Commissioner goes to great lengths in citing various Social Security Rulings to excuse the ALJ's use of the Grids and failure to use a VE, despite the non-exertional limitations which would conceivably reduce the full range of light work – occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching, or crawling; and no climbing ladders, ropes, or scaffolds; and avoidance of concentrated exposure to heights and moving machinery. R. 16. However, despite including these non-exertional limitations in Plaintiff's RFC, the ALJ did not discuss the applicable Rulings (as cited by the Commissioner[6]) in his decision or explain why the light occupational category was not eroded by these limitations. On remand, the ALJ will be required to use a vocational expert to determine the extent the light range of work has been reduced by Plaintiff's non-exertional impairments or discuss the applicable Social Security Rulings which would justify not calling a VE.

---

[6]The Commissioner discusses SSR 85-15, which the ALJ cited for a different principle, and SSR 96-9P in addition to those SSRs cited but not discussed by the ALJ. R. 21 (citing SSRs 83-12, 83-14).

**IV.   CONCLUSION**

For the reasons set forth above, the ALJ's decision is not consistent with the requirements of law and is not supported by substantial evidence.  Accordingly, the Court **REVERSES and REMANDS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 10, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record